# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK CAMP,              )
        Plaintiff,      )      Civil Action No. 10-281 Erie
                )
      v.               )      District Judge McLaughlin
                )
MAXINE OVERTON, et al,   )      Magistrate Judge Baxter
        Defendants.   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Overton [ECF No. 15] be granted as to Plaintiff's Eighth Amendment deliberate indifference claims. A retaliation claim remains pending against Defendant Overton.

## II.    REPORT

### A.  Relevant Procedural History

Plaintiff, a state inmate acting *pro se*, filed this civil rights action on November 22, 2010. Plaintiff alleges that Defendants violated his constitutional rights by providing inadequate medical care during his incarceration at SCI-Albion beginning around December of 2009. ECF No. 3. Specifically, Plaintiff alleges a lack of adequate healthcare, including the failure of medical personnel to provide him with a cane or crutches, the failure to prescribe adequate pain

1

medication, the prescription of drugs that interacted adversely worsening his health condition, as well as retaliation.[1]

Named as Defendants to this action are: Maxine Overton, the Health Care Administrator at SCI Albion; Doctor Mark Baker; Physician's Assistant Tammy Mowery; and Physician's Assistant Daniel Telega. Defendant Overton is represented by the Attorney General of the Commonwealth of Pennsylvania, while the remaining Defendants (hereinafter referred to as the "Medical Defendants") are represented by a private law firm.

In response to the Complaint, each set of Defendants filed motions arguing for dismissal of this case. Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to either of the pending dispositive motions. This Report and Recommendation is limited to a discussion and analysis of the motion to dismiss filed by Defendant Overton, as the motion to dismiss filed by the Medical Defendants has previously been denied.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

---

[1] In his complaint, Plaintiff claims that Defendants violated his constitutional rights under both the Eighth and the Fourteenth Amendments. Where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." Ordonez v. Yost, 289 Fed.Appx 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989). Accordingly, this Court need not conduct a separate due process analysis as to the identical factual allegations.

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations.

_Twombly_, 550 U.S. at 555, citing _Papasan v. Allain_, 478 U.S. 265, 286 (1986). See also

_McTernan v. City of York, Pennsylvania_, 577 F.3d 521, 531 (3d Cir. 2009) quoting _Iqbal_, ___

U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations

"must be enough to raise a right to relief above the speculative level." _Twombly_, 550 U.S. at

556, citing 5 C. Wright & A. Miller, _Federal Practice and Procedure_ § 1216, pp. 235-236 (3d ed.

2004). Although the United States Supreme Court does "not require heightened fact pleading of

specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its

face." _Id_. at 570.

 In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing'

rather than a blanket assertion of an entitlement to relief." _Smith v. Sullivan_, 2008 WL 482469,

at *1 (D. Del.) quoting _Phillips v. County of Allegheny_, 515 F.3d 224, 231 (3d Cir. 2008). "This

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

necessary element." _Phillips_, 515 F.3d at 234, quoting _Twombly_, 550 U.S. at 556 n.3.

 The Third Circuit subsequently expounded on the _Twombly/Iqbal/Phillips_ line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual
> matter' to show that the claim is facially plausible. This then 'allows the court
> to draw the reasonable inference that the defendant is liable for the alleged
> misconduct.'
>
>    * * *
>
> [A]fter _Iqbal_, when presented with a motion to dismiss for failure to state a
> claim, district courts should conduct a two-part analysis. **First, the factual
> and legal elements of a claim should be separated. The district court
> must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. Second, a district court must then
> determine whether the facts alleged in the complaint are sufficient to
> show that the plaintiff has a 'plausible claim for relief.' In other words, a**

> **complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in <u>Iqbal</u>, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (internal citations omitted).

### C. Analysis

Plaintiff alleges that Defendant Overton, in her capacity as Health Care Administrator, "is legally responsible for the operation of SCI Albion Medical Department and the quality of care rendered to the inmate of that prison …" ECF No. 3-1, ¶ 4. Plaintiff asserts that Defendant Overton denied his grievances challenging the adequacy of his medical care, and that she was responsible for denying him pain medications. <u>Id</u>. at ¶¶ 23-26. Further, Plaintiff claims that Defendant Overton was personally responsible for taking his cane away from him and that she did this in retaliation for his filing a grievance against the medical department. <u>Id</u>. at ¶ 23.

#### 1) Deliberate Indifference

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would

easily recognize the necessity for a doctor's attention." <u>Monmouth County Corr'al. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also arise "... when a delay in or denial of requested medical treatment causes an inmate to suffer a lifelong handicap or permanent loss." <u>Peterson v. Achebe</u>, 2007 WL 1381753, at * 3 (D.N.J. 2007) <u>citing</u> <u>Lanzaro</u>, 834 F.2d at 347.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" <u>White v. Napoleon</u>, 897 F.2d 103, 109 (3d Cir. 1990).

However, mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. <u>Estelle</u>, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1081 (3d Cir. 1976). <u>See also</u> <u>White</u>, 897 F.2d at 108 ("mere medical malpractice cannot give rise to a violation of the Eighth Amendment."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." <u>Brown v. Borough of Chambersburg</u>, 903 F.2d 274, 278 (3d Cir. 1990) <u>citing</u> <u>Youngberg v.</u>

Romeo, 457 U.S. 307, 322-23 (1982). See also Powell v. Symons, 2010 WL 1485682, at * 3 (M.D. Pa. March 22, 2010).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment.   United States ex rel. Walker v. Fayette County, 599 F.2d 533, 575 n.2 (3d Cir. 1979). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment.  Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979) quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir.1977).

Non-medical prison officials, such as Defendant Health Services Administrator Overton, are not

> considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [...] If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.
>
> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [...] will not be chargeable with [...] deliberate indifference [under the Eighth Amendment].

Spruill, 372 F.3d at 236, quoting Durmer, 991 F.2d at 69. See also Foreman v. Bureau of Prisons, 2007 WL 108457, at *5 (3d Cir.).  In other words, a non-medical supervisory official may be held liable if there was "knowledge of 'malicious' and 'sadistic' medical mistreatment."

Henderson v. Bussanich, 2006 WL 3761998, at *7 (M.D. Pa.), interpreting Spruill, 372 F.3d at 236-237.

In her capacity as the Health Services Administrator, Defendant Overton is not deliberately indifferent if she failed to respond to Plaintiff's medical complaints while he was under the care of medical professionals. See Spruill, 37 F.3d at 256. Defendant Overton's reliance on the opinion of medical professionals even as Plaintiff grieved the inadequacy of his pain medications and/or the denial of a cane or crutches does not indicate that Overton possessed "knowledge of malicious or sadistic medical mistreatment" so as to impose liability upon her. See Henderson, 2006 WL 3761998. Further, it is the not responsibility of the Health Services Administrator to order the treatment sought by Plaintiff.[2] Accordingly, the deliberate indifference claims against Defendant Overton should be dismissed.

### 2) Retaliation

Plaintiff specifically alleges that Defendant Overton took his cane in retaliation for his filing grievances about his medical care and treatment. ECF No. 3-1, ¶ 23. Liberally construing this allegation, this Court finds that Plaintiff is advancing a retaliation claim[3], separate and apart from his Eighth Amendment deliberate indifference claim. Defendant Overton has not moved to dismiss this claim and so, it remains pending.

---

[2] The responsibilities of the Health Services Administrator include managing the Health and Dental Departments of the prison, overseeing nursing staff, and overseeing independent contractors, such as PHS, Inc. See Josey v. Beard, 2009 WL 1858250 (W.D. Pa.).

[3] "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Overton [ECF No. 15] be granted as to Plaintiff's Eighth Amendment deliberate indifference claims.  A retaliation claim remains pending against Defendant Overton.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated:  October 11, 2011