# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK CAMP, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-281 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| MAXINE OVERTON, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Defendant Overton [ECF No. 41] be granted in its entirety. The Clerk of Courts should be directed to terminate Defendant Overton from the docket.

**II.    REPORT**

**A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, filed this civil rights action on November 22, 2010. Plaintiff alleges that Defendants violated his constitutional rights by providing inadequate medical care during his incarceration at SCI-Albion beginning around December of 2009. ECF No. 3. Specifically, Plaintiff alleges a lack of adequate healthcare, including the failure of medical personnel to provide him with a cane or crutches, the failure to prescribe adequate pain medication, the prescription of drugs that interacted adversely worsening his health condition, as well as retaliation.

1

Named as Defendants to this action are: Maxine Overton, the Health Care Administrator at SCI Albion; Doctor Mark Baker; Physician's Assistant Tammy Mowery; and Physician's Assistant Daniel Telega. Defendant Overton is represented by the Attorney General of the Commonwealth of Pennsylvania, while the remaining Defendants (hereinafter referred to as the "Medical Defendants") are represented by a private law firm.

Pending before this Court is Defendant Overton's motion for summary judgment. ECF No. 41. Plaintiff has filed a brief in opposition to Defendant's motion. ECF No. 51. This issue is fully briefed and ripe for disposition by the Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

2

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion for Summary Judgment pursuant to Rule 56

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

**C. Analysis**

The only claim remaining against Defendant Overton is Plaintiff's allegation that she took his cane from him in retaliation for complaints Plaintiff made about his medical treatment.

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). See also Anderson v. Davila, 125 F.3d 48, 161 (3d Cir. 1997) ("An otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment rights."); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983.").

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must allege:

4

> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action" at the hands of prison officials; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). See also Holbrook v. Walters, 296 Fed. Appx 230, 233 (3d Cir. 2008).

Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

As to the first prong of the test, Plaintiff specifically alleges that Defendant Overton took his cane in retaliation for filing grievances about his medical care and treatment. ECF No. 3-1, Plaintiff's Complaint, ¶ 23. Plaintiff filed grievances against medical officials for negligence and deliberate indifference. Filing these grievances is a constitutionally protected conduct. Harris v. Terhune, 45 F. App'x 95, 97 (3d Cir. 2002).

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002) quoting Allah v. Seiverling, 229 F.3d at 225. Plaintiff suffered an adverse

5

action when his cane was taken on May 14, 2010 , because he alleges that he needed it to avoid further pain and discomfort. ECF No. 3-1, ¶ 14.

Lastly, Constitutionally protected conduct is a substantial or motivating factor if a "[C]ausal connection can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988) see also Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997). The date Plaintiff filed grievances, May 12, 2010, and the date on which his cane was taken, May 14, 2010, were temporally close enough to construe the filing of grievances as a substantial or motivating factor in his cane being taken. See Id.

Because Plaintiff has satisfied his *prima facie* case of retaliation, the burden now shifts to Defendant Overton to show that Plaintiff's cane would have been taken regardless of the grievances Plaintiff filed. See Carter, 292 F.3d at 158. To meet this burden Defendant Overton argues that: (1) she did not have the authority to have Plaintiff's cane taken away; and (2) that taking away Plaintiff's cane had nothing to do with the grievances. ECF No. 42, pg. 5.

Defendant Overton swears that she does not have the authority to make decisions about patients' treatment in any way. ECF No. 41-1, Declaration of Maxine Overton, ¶ 9. While she may make recommendations as to medical treatment, she cannot countermand an order made by a doctor or physician's assistant. Id. at ¶ 8-9. Taking away Plaintiff's cane is a decision about medical treatment that Defendant Overton was not authorized to make. Therefore, she could not have made the decision to take Plaintiff's cane even if that were her desire. Plaintiff has not provided any evidence to dispute Defendant Overton's lack of authority in this regard, as he must to contest the evidence offered in support of the motion for summary judgment. See Celotex.

6

Defendant Overton clarifies that Plaintiff's cane was not taken away because he filed grievances, but because he no longer needed the cane. ECF No. 42, pg. 5. In her declaration, Defendant Overton explains that Plaintiff was observed running outside without the assistance of his cane on May 5, 2010, nine days before his cane was taken. ECF No 41-1. This explanation provides a legitimate reason as to why the cane was taken. While Plaintiff disagrees with Defendant on the speed at which he was moving, he does not dispute Defendant Overton's assertion that his own quick movement was the reason his cane was taken. ECF No. 51, Plaintiff's Brief in Response, pg. 6.

Thus, there is no genuine issue of material fact as to Defendant Overton's assertion that the cane would have been taken away from Plaintiff even had he filed no grievances about his medical care. Her motion for summary judgment should be granted. As the retaliation claim is the only claim presently pending against Defendant Overton, she should be terminated as a defendant from the docket.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by Defendant Overton [ECF No. 41] be granted in its entirety. The Clerk of Courts should be directed to terminate Defendant Overton from the docket.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of

appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: June 21, 2012