# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK CAMP, | ) | |
| Plaintiff, | ) | Civil Action No. 10-281 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| MAXINE OVERTON, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by the Medical Defendants [ECF No. 45] be granted in part and denied in part. More specifically, the motion for summary judgment should be granted as to the Eighth Amendment claims based upon the denial of pain medication and the failure to provide a cane and/or crutches. The motion for summary judgment as to the Eighth Amendment claim against Defendant Baker based upon his refusal to treat Plaintiff should be granted. Furthermore, the motion for summary judgment should be granted as to the retaliation claim.

The motion for summary judgment should be denied as to the Eighth Amendment claim against Defendant Mowry based upon her refusal to treat Plaintiff.

The motion for summary judgment should be denied as to both the Eighth Amendment claim and the negligence claim based upon the prescription and interaction of Tegretol and Coumadin.

Because the negligence claim will necessarily require a medical expert (and because the Eighth Amendment claim may benefit from expert testimony), counsel should be appointed to represent Plaintiff in this case.

## II. REPORT

### A. Relevant Procedural History

Plaintiff, a state inmate acting *pro se*, filed this civil rights action on November 22, 2010. Plaintiff alleges that Defendants violated his constitutional rights by providing inadequate medical care during his incarceration at SCI-Albion beginning around December of 2009. ECF No. 3. In his Complaint, Plaintiff explains that he suffers chronic pain from a documented injury to his right leg (ECF No. 3-1, ¶ 14), as well as other medical conditions. Plaintiff alleges a lack of adequate healthcare, including the failure of medical personnel to provide him with a cane or crutches, the failure to prescribe adequate pain medication, and the prescription of drugs (Tegretol and Coumadin) that interacted adversely worsening his health condition. Plaintiff also alleges that Defendants Mowry and Baker refused to medically treat him. Furthermore, Plaintiff alleges that his cane was confiscated in retaliation for the filing of grievances related to the prescription of Tegretol with the Coumadin.

Named as Defendants to this action are: Maxine Overton, the Health Care Administrator at SCI Albion; Doctor Mark Baker; Physician's Assistant Tammy Mowery; and Physician's Assistant Daniel Telega. Defendant Overton is represented by the Attorney General of the Commonwealth of Pennsylvania and has previously been dismissed from this lawsuit. See ECF Nos. 53, 54. The remaining Defendants (hereinafter referred to as the "Medical Defendants") are represented by a private law firm.

Pending before this Court is the Medical Defendants' motion for summary judgment. ECF No. 45. Plaintiff has filed a brief in opposition. ECF No. 51. This issue is ripe for disposition by the Court.

**B. Standards of Review**

**1) *Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

**2) Motion for Summary Judgment pursuant to Rule 56**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.[1] Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In order to defeat a motion under Rule 56, the party opposing the motion must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. See Fed.R.Civ.P. 56(c)(1)(A). A material fact is a fact that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a disputed issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. at 249.

The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories, and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001);

---

[1] "If the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) quoting Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998).

Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). If the non-moving party fails to make a sufficient showing on an essential element of its case on which it has the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 322-23. The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence or to determine the truth of the matter but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248-49.[2] In summary, "the inquiry in ruling on a Rule 56 motion is whether the evidence or record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute, or whether the evidence is such that the movant must prevail as a matter of law." Kravits v. Shinseki, 2012 WL 604169, at *4 (W.D. Pa. Feb.24, 2012).

### C) Eighth Amendment Claims[3]

---

[2] However, a court need not "turn a blind eye to the weight of the evidence." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

[3] Plaintiff alleges that Defendants violated his constitutional rights under both the Eighth and Fourteenth Amendments. Where a due process claim under the Fourteenth Amendment is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." Ordonez v. Yost, 289 Fed.Appx 553, 555 (3d Cir. 2008)

5

### 1) The Deliberate Indifference Standard

Defendants move for summary judgment on the Eighth Amendment claims. In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[I]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may arise "... when a delay in or denial of requested medical treatment causes an inmate to suffer a lifelong handicap or permanent loss." Peterson v. Achebe, 2007 WL 1381753, at *3 (D.N.J. 2007) citing Lanzaro, 834 F.2d at 347.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference can be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (1990).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of

---

citing Graham v. Connor, 490 U.S. 386, 395 (1989). Accordingly, this Court need not conduct a separate due process analysis as to the identical factual allegations.

medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F .2d 533, 575 n. 2 (3d Cir.1979). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Peirce, 612 F.2d 754, 762 (3d Cir. 1979) quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977).

### 2) Denial of Adequate Pain Medication

Plaintiff alleges that he was denied adequate pain medication. ECF No. 3-1, ¶ 14. In support of their motion for summary judgment, Medical Defendants have provided evidence that Plaintiff was prescribed the pain medications Aceta-Gesic, Gabapentin, and Tramadol during the relevant time period.[4] ECF No. 48-5, Medication Administration Records. While these medications may not have provided Plaintiff with the degree of pain relief he would have liked, the evidence demonstrates that he was not denied pain medication. Plaintiff has no constitutional right to the pain medication of his choice. See Ham v. Greer, 269 Fed. Appx 149, 151 (3d Cir. 2008). Therefore, summary judgment should be granted in favor of the Medical Defendants on this claim.

### 3) Prescription of Tegretol with Coumadin

---

[4] The Court liberally construes the relevant time period as December of 2009 (the first date identified in the complaint) through November 2010 (the date the lawsuit was filed).

On December 4, 2009, Defendant Telega adjusted Plaintiff's medication to add the drug Tegretol to Plaintiff's already existing list of medications. ECF No. 48-2, 48-3. Plaintiff alleges that the Tegretol interacted negatively with the Coumadin, causing a painful blood clot in his leg and requiring hospitalization. ECF No. 3-1. See also ECF No. 48-9, Venous Duplex Report. Plaintiff alleges that all three Medical Defendants knew that the combination of the Tegretol and Coumadin would cause serious injury when prescribed together. ECF No. 3-1, ¶¶ 31, 39, 47.

Deliberate indifference is more than an "inadvertent failure to provide adequate medical care" and instead involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104-105. It "requires 'obduracy and wantonness …[,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." DeFranco v. Wolfe, 387 Fed. Appx 147, 158 (3d Cir. 2010) quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Although Defendants have provided significant medical evidence that Plaintiff was being medically treated, many of the records are illegible and indecipherable, and have not been supported or explained by Defendants' testimony by deposition or affidavit. This Court also notes that there are no records of Plaintiff's hospitalization. Defendants have not established as a matter of law that their actions do not rise to the level of deliberate indifference. Because factual issues remain regarding the prescription and treatment of Plaintiff in this regard, summary judgment should be denied.

### 4) Failure to Provide a Cane and/or Crutches

Plaintiff alleges that Defendant Baker took his cane knowing it would cause him excruciating pain, thereby violating the Eighth Amendment. ECF No. 3-1, ¶ 36.

The evidence indicates that the cane was discontinued based upon Plaintiff's noncompliance with medical instructions. On April 30, 2010, the Medical Department was notified that Plaintiff was seen running up and down stairs without his cane and was seen going to the cafeteria without the cane. ECF No. 48-3, page 15. The Progress Notes dated May 5, 2010 indicate that Plaintiff was observed running without the cane and he was warned that if he was caught without his cane again it would be taken. ECF No. 41-1, page 8. Later the same day, the Progress Notes indicate that Plaintiff was observed by a camera operator running without his cane. Id. The running incident was reported to Medical Staff who confiscated the cane the following day. Id.

In opposition, Plaintiff explains that he could not run due to his physical condition and that he was observed during a severe rain storm. Plaintiff offers that he may have been walking at a quicker pace due to the rain, and that because of the slippery wet surface, he was not using the cane. ECF No. 51. Plaintiff also provides evidence that he has been allowed a cane at other institutions since his incarceration at SCI Albion. Id. at pages 10-12 (Temporary Cane Permits dated July 18, 2011, August 17, 2011, and October 24, 2011).

Defendants' actions do not rise to the level of deliberate indifference as the evidence demonstrates that Plaintiff agrees that he was without his cane, which was the basis for its confiscation. Therefore, Defendants' motion for summary judgment on this claim should be granted.

### 5) Refusal to Treat by Defendants Mowry and Baker

In his complaint, Plaintiff alleges that Defendants Mowry and Baker refused to provide him with medical treatment. ECF No. 3-1, ¶ 19.

As to Defendant Mowry, Plaintiff alleges that on June 10, 2010:

> I was on the call out to see PA-C Mowry for what I assume was for chronic care. When I arrived she stopped me in her doorway and refused to treat me saying because I filed a grievance and law suit. I was in excruciate [sic] pain when she denied me medical treatment.[5]

Id. at ¶ 18.

The evidence reveals some notations in Plaintiff's medical records for June 10, 2010. ECF No. 48-2, page 29; ECF No. 48-3, page 17. A "Physician's Order Form" is signed by Registered Nurse Valerie Gilreath, LPN Kim McLellan, and PAC Tammy Mowry, but is illegible in some regards. Other medical records contain entries for June 10, 2010, but are also illegible although the word "lawsuit" and the stamp by Defendant Mowry are legible. This evidence actually lends credibility to Plaintiff's version of events as it may demonstrate that some acknowledgement of a lawsuit was made and Defendant Mowry knew about it; however, the facts are far from clear at this point, especially with no supporting or explaining testimony by Defendants. Accordingly, summary judgment should be denied as to this claim.

As to Defendant Baker, Plaintiff only generally avers that Baker refused him medical treatment. The medical records belie this assertion. Even if Defendant Baker refused to see Plaintiff, the evidentiary record shows that Plaintiff was receiving medical treatment by other medical professionals. The evidence establishes that during the period between July 20, 2009, and December 9, 2010, there are 62 physician's orders in Plaintiff's file and Plaintiff was given 16 different prescriptions. ECF Nos. 48-2, 48-3, 48-5. While Plaintiff may have preferred to see Defendant Baker instead of other medical professionals, those preferences are not entitled to constitutional protection. See Ham, 269 F. Appx at 151. Because the evidence before the Court reveals a significant level of medical treatment and because Plaintiff has offered no evidence to

---

[5] This Court liberally construes this allegation as the basis of both a retaliation claim and an Eighth Amendment claim.

the contrary (see Celotex), Defendant Baker should be awarded summary judgment as to this claim.

### D) Negligence Claim

Plaintiff alleges that all three Medical Defendants acted negligently in their medical treatment of Plaintiff in regard to the combination of Tegretol and Coumadin. ECF No. 3-1, ¶¶ 30, 38, 46. "In order to establish medical malpractice under Pennsylvania law, a plaintiff must present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from accepted medical standards, and that such deviation was the proximate cause of the harm suffered." Hakeem v. Salaam, 260 Fed. Appx 432, 434 (3d Cir. 2008).

Plaintiff has presented no experts to testify to the type of medical care he should have received. Instead, Plaintiff explains that he has contacted his own outside physician, Dr. Joseph Kort, in attempts to procure expert testimony, as well as his own outside medical records. Plaintiff has been unsuccessful in these attempts.

The law is clear that because Plaintiff has no expert, his claims of negligence cannot survive a motion for summary judgment. However, because he is a pro se prisoner, this Court will seek counsel to represent Plaintiff so that medical experts may be obtained.

The Medical Defendants' motion for summary judgment on the negligence claim should be denied without prejudice at this point in the proceedings.

### E) Retaliation Claim

Plaintiff alleges that his cane was confiscated because he filed a grievance about the Tegretol/Coumadin incident.[6] It is well settled that retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under § 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). "Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). See also Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment speech.").

In Rauser, the Third Circuit set forth with specificity the elements of a prisoner's cause of action for retaliation and the burden of proof he must carry to succeed on such a claim. 241 F.3d at 333. "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Id. "Next, a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials." Id. Then, a plaintiff must prove "a causal link[7] between the

---

[6] To the extent that Plaintiff may be alleging a retaliation claim based upon Defendant Mowry's refusal to treat him on June 10, 2010, that retaliation claim remains pending as Defendants have not moved for summary judgment in that regard.

[7] In order to establish the requisite causal connection," the plaintiff usually must prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with time to establish a causal link." DeFranco v. Wolfe, 387 Fed.Appx 147, 154 (3d Cir. 2010) citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3 259, 267 (3d Cir. 2007). If the plaintiff does not show either of these, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation. Id. "'It is important to emphasize,' however, 'that it is causation, not temporal proximity itself, that is an element of plaintiff's *prima facie* case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn.'"

exercise of his constitutional rights and the adverse action taken against him." Id. See also Whitehead v. Rozum, 2012 WL 4078422, at *4 (W.D. Pa. Aug. 14, 2012) citing Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977) (the third element characterized as "the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action.").

Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Here, Plaintiff has not come forward with anything more than a general attack upon Defendants' motivations for confiscating his cane. Plaintiff has not produced any affirmative evidence of retaliation. See Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (in establishing the three elements of a retaliation claim, the plaintiff must come forward with more than "general attacks" upon the defendant's motivations and must produce "affirmative evidence" of retaliation).[8]

After a plaintiff has met his initial burden to show the three elements of the *prima facie* case, the burden then shifts to the defendant to "prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." Rauser, 241 F.3d at 333. Defendants have provided evidence to support their legitimate action in

---

Washington-El v. DiGuglielmo, 419 Fed.Appx 275, 280 (3d Cir. 2011) quoting Marra v. Phila. Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007). Even in the absence of temporal proximity, "a plaintiff can show 'that from the evidence gleaned from the record as a whole the trier of fact should infer causation.'" Id. quoting Lauren W., 480 F.3d at 267.

[8] "The Third Circuit instructs district courts to 'be diligent in enforcing these causation requirements' in recognition of the fact that public actors 'must make a large number of decisions in charged atmospheres thereby inviting litigation against themselves in which plaintiff's ask the courts to second guess the actor's decisions.' " Lauren W., 480 F.3d at 267-68.

confiscating the cane based upon Plaintiff's noncompliance with medical instructions. ECF No. 41-1, page 8, Progress Notes dated May 5, 2010. In response, Plaintiff attempts to excuse the fact that he was caught without his cane, not that it did not occur.

Accordingly, Defendants' motion for summary judgment should be granted in this regard.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by the Medical Defendants [ECF No. 45] be granted in part and denied in part. More specifically, the motion for summary judgment should be granted as to the Eighth Amendment claims based upon the denial of pain medication and the failure to provide a cane and/or crutches. The motion for summary judgment as to the Eighth Amendment claim against Defendant Baker based upon his refusal to treat Plaintiff should be granted. Furthermore, the motion for summary judgment should be granted as to the retaliation claim.

The motion for summary judgment should be denied as to the Eighth Amendment claim against Defendant Mowry based upon her refusal to treat Plaintiff.

The motion for summary judgment should be denied as to both the Eighth Amendment claim and the negligence claim based upon the prescription and interaction of Tegretol and Coumadin.

Because the negligence claim will necessarily require a medical expert (and because the Eighth Amendment claim may benefit from expert testimony), counsel should be appointed to represent Plaintiff in this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 19, 2012