# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK CAMP, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 10-281 Erie |
| v. | ) |
| MAXINE OVERTON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This action was received by the Clerk of Court on November 22, 2010 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [ECF No. 56], filed on November 19, 2012, recommended that the motion for summary judgment filed by the Medical Defendants [ECF No. 45] be granted in part and denied in part. Specifically, the Magistrate Judge recommended that the motion be granted as to the Eighth Amendment claims based upon the denial of pain medication and the failure to provide a cane and/or crutches; granted as to the Eighth Amendment claim against Defendant Baker based upon his alleged refusal to treat the Plaintiff; granted as to the retaliation claim; denied as to the Eighth Amendment claim against Defendant Mowry based upon her alleged refusal to treat the Plaintiff;[1] and denied as to both the Eighth Amendment claim and negligence claim based upon the prescription and interaction of Tegretol and Coumadin. The parties were allowed fourteen (14) days from the date of service to file objections. Objections were filed by Defendants Mowry and Telega on December 3,

---

[1] The Magistrate Judge also construed this allegation as the basis of a retaliation claim. [ECF No. 56] p. 10 n.5

1

2012 [ECF No. 57] and objections were filed by the Plaintiff on December 10, 2012. [ECF No. 60].

After de novo review of the documents in the case, together with the Report and Recommendation and objections thereto, the Report and Recommendation will be adopted as the opinion of the Court with the exception of the recommendation relative to the Eighth Amendment claim asserted against Defendant Mowry for her alleged refusal to treat the Plaintiff on June 10, 2010. Specifically, the Magistrate Judge found that:

> The evidence reveals some notations in Plaintiff's medical records for June 10, 2010. ECF No. 48-2, page 29; ECF No. 48-3, page 17. A "Physician's Order Form" is signed by Registered Nurse Valerie Gilreath, LPN Kim McLellan, and PAC Tammy Mowry, but is illegible in some regards. Other medical records contain entries for June 10, 2010, but are also illegible although the word "lawsuit" and the stamp by Defendant Mowry are legible. This evidence actually lends credibility to Plaintiff's version of events as it may be demonstrated that some acknowledgment of a lawsuit was made and Defendant Mowry knew about it; however, the facts are far from clear at this point, especially with no supporting or explaining testimony by Defendants. Accordingly, summary judgment should be denied as to this claim.

[ECF No. 56] p. 10.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable

requests for treatment resulting in suffering or risk of injury. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999), citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1979).

Here, we find that even if Defendant Mowry refused to treat the Plaintiff as he alleges on June 10, 2010, there is no dispute that Plaintiff received medical treatment by other individuals on that date.[2] The record reflects that Plaintiff was seen by Registered Nurse Valerie Gilreath at 9:20 a.m., and by LPN Kim McLellan at 9:50 a.m. [ECF No. 48-2]. Plaintiff was also seen by Registered Nurse John Purvis at 10:00 a.m., who concluded that Plaintiff did not meet the criteria for referral. [ECF No. 48-3]. Because Plaintiff was, in fact, seen by other medical personnel, no reasonable jury could find that Defendant Mowry was deliberately indifferent with respect to his medical needs. The Eighth Amendment does not require that a prisoner be seen by medical personnel of his choice. *See e.g., Hamm v. Greer*, 2007 WL 4248490 at *4 (W.D.Pa. 2007) (holding that prisoner had no right to be treated by a particular medical professional), *aff'd*, 269 Fed. Appx. 149 (3d Cir. 2008); *Maqbool v. University Hosp. of Medicine & Dentistry of New Jersey*, 2012 WL 2374689 at *9 (D.N.J. 2012) (refusal to summon the medical specialist of inmate's choice does not amount to cruel and unusual punishment). Accordingly, summary judgment will be granted in favor of Defendant Mowry on this claim.[3]

AND NOW, this 28th day of February, 2013;

IT IS HEREBY ORDERED that the motion for summary judgment [ECF No. 45] is GRANTED as to: the Eighth Amendment claims based upon the denial of pain medication and the failure to provide a cane and/or crutches; the Eighth Amendment

---

[2] The medical records reflect that it was the Plaintiff who refused to be seen by Defendant Mowry. In this regard, the record contains the following entry by Defendant Mowry on June 10, 2010 at 8:30 a.m.: "does not wish to see author 2° lawsuit will refer". [ECF No. 48-3]. However, for purposes of resolving the summary judgment motion, we credit the Plaintiff's contention that Defendant Mowry refused to see him.
[3] To the extent Plaintiff has asserted a retaliation claim against Defendant Mowry based upon these allegations, this claim also fails. To establish a *prima facie* retaliation claim, a prisoner must prove that he engaged in constitutionally protected conduct; that he suffered an adverse action at the hands of prison officials; and there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff cannot establish he suffered an adverse action, namely, the denial of medical care.

claim against Defendant Baker based upon his alleged refusal to treat the Plaintiff; and the retaliation claim.

      IT IS FURTHER ORDERED that the motion is GRANTED as to the Eighth Amendment claim and retaliation claim against Defendant Mowry based upon her alleged refusal to treat the Plaintiff.

      IT IS FURTHER ORDERED that the motion is DENIED as to both the Eighth Amendment claim and negligence claim based upon the prescription and interaction of Tegretol and Coumadin.

      s/   Sean J. McLaughlin
          United States District Judge

cm:   All parties of record
      Susan Paradise Baxter, U.S. Magistrate Judge